UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATA SCAPE LIMITED<br><br>Plaintiff,<br><br>v.<br><br>BARRACUDA NETWORKS, INC.,<br><br>Defendant. | Case No. 1:19-cv-00179-LJO-EPG<br><br>ORDER GRANTING DEFENDANT BARRACUDA NETWORKS, INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA.<br><br>(ECF NO. 24) |

Plaintiff Data Scape Limited ("Plaintiff") filed this suit against Defendant Barracuda Networks, Inc. ("Defendant") alleging that Defendant infringed upon a variety of its patents. Defendant filed a "Motion to Transfer Venue to the Northern District of California" ("motion to transfer") that is now pending. For the reasons set forth herein, Defendant's motion to transfer is GRANTED and the Clerk of Court is directed to transfer this case to the Northern District of California, San Jose Division.[1]

### I.  BACKGROUND

According to the Complaint, Plaintiff is a company organized under the laws of Ireland with its office in Dublin. (ECF No. 1, ¶1.) Defendant is a Delaware company with headquarters in

---

[1] A motion to transfer venue, because it does not address the merits of the parties' claims, is suitable for decision by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). *See Paoa v. Marati*, 2007 WL 4563938 at *2 (D. Haw. Dec. 28, 2007) (collecting cases for the proposition that an order on a motion to transfer venue is a non-dispositive order).

1

Campbell, California. (*Id.* at ¶2.) Defendant is an IT-security company that offers products in the fields of email, network, application, and data security.

Plaintiff filed this suit on February 7, 2019, alleging that Defendant infringed upon its patents including U.S. Patent No. 7,720,929 ("the '929 Patent"), U.S. Patent No. 10,027,751 ("the '751 Patent"), U.S. Patent No. 9,715,893 ("the '893 Patent"), and U.S. Patent No. 8,386,581 ("the '581 Patent") (collectively "the asserted patents"). *See generally* (ECF No. 1.) Plaintiff's infringement allegations target the following products: Barracuda Backup Physical Appliances, Barracuda Backup Virtual Appliances, and Barracuda Cloud ("the accused products"). (*Id.* at ¶8.)

The asserted patents did not originate with Plaintiff. Akihiro Morohasi is the named inventor of the '929, '581, and '751 patents, which list his residence as Japan. (ECF Nos. 1-1, 1-2, 1-3.) Mr. Morohashi assigned the '929 and '581 patents to his employer, Sony Corporation. (ECF Nos. 1-1, 1-3.) The '893 patent was invented by three individuals at Sony: Koji Hirano, Shoji Inagaki, and Ryuichiro Togashi, each from Japan. (ECF No. 1-4.) On March 3, 2017, Sony assigned the '929 and '581 patents to Plaintiff, as well as the applications that ultimately resulted in the '893 and '751 patents. (ECF No. 23-3.)[2] The asserted patents generally concern the process of converting and transferring audio tracks from CDs onto hard drives.

Regarding the accused products, the undisputed evidence shows that same were designed and developed by Defendant's leadership in Campbell and San Jose, California. (ECF No. 22, ¶7.) Additionally, engineering builds and manufacturing of the accused products are also performed at Defendant's Northern California locations. (*Id.*)

Defendant has an office in Fresno as well, but the Fresno office has only eleven employees who are IT resources and security engineers. (*Id.* at ¶5.) The uncontroverted evidence shows that "none of the research, design, engineering, manufacturing, or development activities for the accused products have taken place, or currently take place in Fresno or within the geographical boundaries of the Eastern District of California." (*Id.* at ¶7.)

---

[2] Per Defendant's request, which Plaintiff does not oppose, the Court takes judicial notice of the patent assignment documents maintained by the USPTO. *See Motha v. Time Warner Cable, Inc.*, 2016 WL 7034039 at *2 (N.D. Cal. Dec. 2, 2016) ("Patent assignments publicly recorded with the USPTO are the proper subject of judicial notice when they are undisputed.").

On May 6, 2019, Defendant filed the instant "Motion to Transfer Venue to the Northern District of California." (ECF No. 21.) Plaintiff filed an opposition on June 17, 2019. (ECF No. 29.) Defendant filed a reply on July 2, 2019. (ECF No. 32.) The Court heard oral argument on July 12, 2019.)

**II.    LEGAL STANDARDS**

Section 1404(a) permits courts to exercise discretion, "[f]or the convenience of the parties and witnesses, in the interests of justice," to "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The initial inquiry in a motion to change venue analysis is whether the action could have been brought in the proposed transferee district. *Id.* Under 28 U.S.C. § 1400(b), a civil action for patent infringement "may be brought in the judicial district where the defendant resides." 28 U.S.C. § 1400(b). For purposes of venue, a corporation "resides" where it is subject to personal jurisdiction. *VE Holdings Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583-84 (Fed. Cir. 1990).

If venue would be appropriate in the proposed forum, the Court undertakes an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Court considers the following three factors in the analysis: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *See* 28 U.S.C. § 1404(a). Additionally, the "interests of justice" factor contains multiple sub-factors, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id.* at 498-99. Transfers under § 1404(a) should be made to "prevent the waste of time, energy and money to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

"The party moving for transfer of a case bears the burden of demonstrating transfer is

appropriate." *Saunders v. USAA Life Insurance Co.*, 71 F.Supp.3d 1058, 1060 (N.D. Cal. 2014) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979), opinion modified, 828 F.2d 1445 (9th Cir. 1987). "In deciding whether to transfer venue, courts may consider facts beyond the pleadings and need not accept all allegations as true." *SmartPhone Records, Ltd. Liab. Co. v. Holloman*, 208 U.D. Dist. LEXIS 142029 at *8-9 (E.D. Cal. Aug. 20, 2018).

In cases concerning the patent laws, the district court applies the law of the Federal Circuit to patent issues and the law of the circuit on which it sits ("the regional circuit") to non-patent issues. *See, e.g, In re Cambridge Biotech Corp.*, 186 F.3dd 1356, 1368 (Fed. Cir. 1999). Generally, the Federal Circuit governs the district court's determination whether a forum is a proper venue as set forth in 28 U.S.C. § 1391, but regional circuit law governs the question of whether to transfer venue for convenience. *See Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997).

### III. ANALYSIS

#### 1. Propriety of Venue in the Proposed Forum

Plaintiff alleges that Defendant's principal place of business is in the San Jose area, which is within the Northern District of California. Defendant maintains that this is sufficient to establish personal jurisdiction and venue over it in the Northern District of California, and Plaintiff does not argue otherwise. The Court agrees with Defendant that the Northern District of California would have personal jurisdiction over Defendant and, therefore, venue would be appropriate there as well. *See VE Holdings Corp.,* 917 F.2d at 1583-84; 28 U.S.C. § 1391(c)(2).

#### 2. Plaintiff's Choice of Forum, Convenience to the Witnesses, and the Interests of Justice

##### (i) Plaintiff's Choice of Forum

Plaintiff's primary argument against transfer is that its choice of forum should be given deference and only disturbed upon a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." (ECF No. 29, p. 2) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.3d 834, 843 (9th Cir. 1986)). However, the Ninth Circuit has since tempered

the deference given to a plaintiff's chosen venue, noting that "[i]f the operative facts have not occurred within the forum and the forum has no interest in the matter, [the plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). And in patent cases, courts have held the plaintiff's choice of venue "is accorded little deference where the center of the accused activity is outside the chosen forum." *See Kannar v Alticor, Inc.*, 2009 WL 975426 at *4 (N.D. Cal. Apr. 9, 2009). "[T]he center of the accused activity is the district in which the defendant is alleged to have developed, tested, researched, produced, marketed, and made sales decisions concerning the accused product." *Id.*

Here, Plaintiff alleges that this District has a strong connection with this litigation because Defendant's conduct in selling accused products occurred in this District. However, it is undisputed that Defendant sells the accused products in all fifty states. There is nothing unique about Defendant's sales here; they certainly do not establish a meaningful connection between the Eastern District of California and this suit. *See In re Nintendo*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (addressing motion to transfer venue and finding that the citizens of venue chosen by the plaintiff "have no more or less of a meaningful connection to the venue than any other venue" when the infringing products are sold throughout the United States).

Defendant also points out that "[n]one of the research, design, or development activities for the accused products took place in Fresno or within the geographical boundaries of the Eastern District of California. Nor have any of the Fresno office's eleven employees ever worked on the research, design, development, or marketing of the accused products." (ECF No. 24, p. 10). Plaintiff does not contest these facts, further undermining any argument that the "center of the accused activity" is the Eastern District of California. *See Anza Tech., Inc. v. Toshiba Am. Elec. Components, Inc.*, 2017 U.S. Dist. LEXIS 210579, at *11 (E.D. Cal. Dec. 20, 2017) ("In patent cases, 'the preferred forum is that which is the center of gravity of the accused activity.'") (citation omitted).

In sum, Plaintiff's choice of venue is entitled to only minimal consideration here, where the Eastern District of California has no special interest in this matter, and the center of gravity of the accused activity is elsewhere.

### *(ii)* *The Convenience of the Witnesses and the Parties*

Generally, "[t]he relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *McCormack v. Medcor, Inc.*, 2014 U.S. Dist. LEXIS 66502, at *6 (E.D. Cal. May 14, 2014) (citations omitted). This inquiry primarily concerns non-party witnesses. Still, "the convenience of party witnesses is a factor to be considered." *Salleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1160 (S.D. Cal. 2005) (citations omitted). Defendant argues that transfer is appropriate for the convenience of the witnesses, both party and non-party.

In support, Defendant primarily points to the convenience of party witnesses, including Mr. Shi; Defendant's Vice President of Advanced Technology Engineering; Mr. Jefferson, Defendant's Senior Vice-President of Data Protection, Network and Application Security; Mr. Driggs, Defendant's Chief Financial Officer; and Mr. Matthews, Defendant's Senior Vice President of Corporate Development and Alliances. Defendant contends that these four witnesses will be called at trial and that each resides in or around Campbell, California, which is within the Northern District of California.

Defendant also maintains that potential non-party witnesses will be inconvenienced in the Eastern District of California. Defendant specifically identifies Oracle Corporation—a licensee of the accused products—as a non-party witness in the Northern District of California. In its reply brief, Defendant also identifies other non-party witnesses that reside in the Northern District of California. Finally, Defendant notes that out-of-state, non-party witnesses such as Plaintiff's licensee C-Scape Consulting Corp., as well as the asserted patents' inventors, will benefit from a change of venue. As to these witnesses, Defendant theorizes that the Northern District of California is easier to travel to than the Eastern District of California.[3]

In opposition, Plaintiff, in addition to highlighting the party status of most of these purported witnesses, questions their necessity at trial and the inconvenience these witnesses will experience if this case proceeds in the Eastern District of California. Plaintiff also argues that

---

[3] Defendant submitted evidence that multiple non-stop flights are available every day of the week from Tokyo and New York to the San Jose and San Francisco airports, and, in contrast, no such flights are available to the Fresno airport. See 23 7-14).

6

Defendant fails to show the traveling costs for the witnesses would make the litigation costs "unduly high." As to the non-party witnesses in particular, Plaintiff characterizes Defendant's assertion that the Northern District will be more convenient for Oracle simply because it is headquartered there as pure speculation. Plaintiff also notes that Defendant has not identified a potential 30(b)(6) deponent from Oracle.

The Court agrees with Defendant. First, as to Plaintiff's argument that litigation costs in this forum would not be "unduly high," this is not the pertinent inquiry. The issue is the convenience for the witnesses—not the litigation costs. *See McCormack*, 2014 WL 1934193 at *3 ("The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404)(a).").

Second, while the convenience inquiry focuses primarily on non-party witnesses, the convenience to party witnesses deserves some consideration under the jurisprudence. *See Davis v. Social Service Coordinators, Inc.*, 2013 WL 4483067 at *3 (E.D. Cal. Aug. 19, 2013). Here, the Court finds that Defendant adequately shows the party witnesses would be inconvenienced by litigation in the Eastern District of California. The Court specifically observes the high-ranking status of these potential party witnesses, which amplifies the inconvenience to both the witnesses and Defendant.

Third, the Court disagrees with Plaintiff's suggestion that Defendant has not adequately shown the party witnesses referenced might provide potential testimony at trial. As set forth in the uncontested affidavits accompanying the motion to transfer, Mr. Mathews and Mr. Shi have knowledge of the design, development, and operation of the accused products. And Defendant has described Mr. Driggs as the person most knowledgeable about financial information for the accused products and has described Mr. Jefferson as the individual most knowledgeable about marketing of the accused products.

Fourth, the Court finds it reasonable to assume that Oracle and other potential non-party witnesses that Defendant references would be inconvenienced by trial in this district. These witnesses either reside in the Northern District of California or out-of-state, in which case ease of travel to the Northern District of California makes it a more convenient venue. Finally, the Court

is not troubled by Defendant's inability at this early stage to name the individual most knowledgeable to testify on Oracle's behalf.

In sum, given the ease of travel to the Northern District of California for the out-of-state, non-party witnesses and the fact that the bulk of relevant party witnesses are located in that District as well, the Court finds the Northern District of California is a relatively more convenient venue for the witnesses and parties than the Eastern District of California.

However, the Court finds that this analysis only slightly favors Defendant. The distance between San Francisco/San Jose and Fresno is not substantial. And the Court finds Defendant overplays its hand by forecasting doomsday scenarios on hypothetical car trips from San Francisco/San Jose to Fresno.[4] Moreover, a possible connecting flight for out-of-state witnesses does not unduly trouble the Court.

### *(iii)* *Other Factors*

The parties also debate whether some of the interests of justice factors support transfer. The Court already examined the third factor—the Plaintiff's choice of forum—earlier and does not repeat that analysis herein. As to the sources of proof, the Court finds this factor weighs in favor of transfer. Again, the bulk of witnesses identified are either in the Northern District of California or would likely find travel to that District more convenient than to the Eastern District of California.

And the location of the documentary evidence supports transfer as well. This is so because "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citations and internal quotation marks omitted). It is undisputed that the relevant technical and financial documents will be collected from Defendant's Campbell headquarters in the Northern District of California. Thus, the sources of proof are mostly located in the Northern District of California.

The parties also touch on the interests of justice factors concerning the parties' connection

---

[4] At oral argument, Defense counsel hinted that car trips between San Jose/San Francisco and Fresno could approach ten hours due to "traffic, accidents, weather, earthquakes, all the rest of it." See Audio Recording of July 12, 2019, hearing, which is available to the parties upon request.

8

to the Eastern District of California. As described above, neither Plaintiff nor this particular cause of action have any deep connection with the Eastern District of California: the accused products are sold here, but they are also sold everywhere in the United States. Plaintiff does have an office and eleven employees in the Fresno area, but, according to the undisputed evidence, these employees have not worked on the research, design, development, or marketing of the accused products. And again, none of the research, design, or development activities for the accused products took place in Fresno or within the geographical boundaries of the Eastern District of California. *See Signal IP, Inc. v. Volkswagen Group of America, Inc.*, 2015 WL 5766170 at *4 (C.D. Cal. Jan. 20, 2015) (explaining that appropriate forum in patent infringement case is where the "center of gravity is" and that center of gravity is where the "development, research, and marketing of the accused products occurred"). Instead, the center of gravity of this case appears to be in the Northern District of California where Plaintiff is headquartered, where the head strategist for the accused products performed his work, and where the marketing and sales decisions were and continue to be made. Thus, the fourth and fifth interest of justice factors—the respective parties' contacts with the forum and the contacts relating to the plaintiffs cause of action in the chosen forum—support transfer.

Finally, the parties also briefly discuss the litigation costs in the Eastern District of California as opposed to the Northern District of California. The Court finds this factor leans slightly in favor of transfer—as discussed, the Northern District of California will certainly be a less expensive venue for those residing there. And travel for those witnesses outside of California will likely be cheaper if the case were in the Northern District of California. Again, Plaintiff fails to identify any potential witnesses or evidence in the Eastern District of California.

The interests of justice factors support transfer to the Northern District of California.

### *(iv)* *Transfer to the San Jose Division of the Northern District of California is Appropriate.*

In a footnote, Defendant states that it wants this Court to transfer the case to the San Jose Division of the Northern District. Plaintiff does not indicate whether it finds any division of the Northern District of California more favorable than the others. Section 1404(a) allows transfer to

"any other district or division" when appropriate. Here, having found transfer to the Northern District of California is appropriate, the Court also finds that the case should be transferred the San Jose Division specifically, as the majority of witnesses reside there, and it appears to be the area where the accused products were developed, tested, researched, produced, and marketed.[5]

## IV. CONCLUSION

Accordingly, for the reasons set forth herein, IT IS ORDERED that:

1. Defendant's Motion to Transfer Venue to the Northern District of California is GRANTED; and

2. The Clerk of Court is directed to transfer this matter to the Northern District of California, San Jose Division pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated: **August 14, 2019**

/s/ Erin P. Gro[signature]
UNITED STATES MAGISTRATE JUDGE

---

[5] The parties do not discuss the first, second seventh, ninth, or tenth interests of justice factors. Accordingly, the Court considers those factors to be neutral in its analysis.